UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
IN RE VEECO INSTRUMENTS INC.  :  No. 7:05-MD-01695-CM
SECURITIES LITIGATION  :
---------------------------------------x
THIS DOCUMENT RELATES TO:  :
---------------------------------------x
EDWARD J. HUNEKE, derivatively on behalf  :
of VEECO INSTRUMENTS, INC.,  :
      Plaintiff,  :  No. 7:05-CV-10224-CM
  v.  :
EDWARD H. BRAUN, et al.,  :
      Defendants.  :
---------------------------------------x
AUGUST SCHUPP, III, derivatively on behalf  :
of VEECO INSTRUMENTS, INC.,  :
      Plaintiff,  :  No. 7:05-CV-10225-CM
  v.  :
EDWARD H. BRAUN, et al.,  :
      Defendants.  :
---------------------------------------x
DAVID ALTMAN, derivatively on behalf  :
of VEECO INSTRUMENTS, INC.,  :
      Plaintiff,  :  No. 7:05-CV-10226-CM
  v.  :
EDWARD H. BRAUN, et al.,  :
      Defendants.  :
---------------------------------------x

**DECLARATION OF ROBERT F. SERIO IN SUPPORT OF DEFENDANTS'
MOTION FOR AN ENLARGEMENT OF TIME TO ANSWER**

August 11, 2006

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166

ROBERT F. SERIO declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of the law firm of Gibson, Dunn & Crutcher LLP, counsel to Defendants Edward H. Braun, Peter J. Simone, Richard J. D'Amore, Joel A. Elftmann, Heinz K. Fridrich, Douglas A. Kingsley, Paul R. Low, Roger D. McDaniel, Irwin H. Pfister, Walter J. Scherr and Nominal Defendant Veeco Instruments Inc. in this action. I submit this Declaration in Support of Defendants' Unopposed Motion For an Enlargement of Time to Answer.

2. I have day-to-day responsibility for overseeing the defense of both the securities fraud class action and the shareholder derivative actions consolidated under the caption *In re Veeco Instruments Inc. Securities Litigation*, Case No.: 7:05-md-1695.

3. On June 14, 2006, the Court denied Defendants' motion to dismiss the Consolidated Amended Verified Shareholder Derivative Complaint (the "Derivative Complaint") on grounds of demand futility.

4. On August 9, 2006, it came to my attention that, although the defendants in the securities fraud class action had timely served an answer after this Court's denial of their motion to dismiss, Defendants in the derivative actions had failed to serve an answer to the Derivative Complaint within the ten day time limit prescribed under Federal Rule of Civil Procedure 12(a)(4)(A) after this Court's denial of Defendants' motion to dismiss the Derivative Complaint.

5. Before August 9, 2006, I would have assumed that other lawyers working on this matter would have handled the preparation of an answer to the Derivative Complaint within the time permitted. However, I inadvertently failed to confirm the status of this matter. Defendants' failure to serve an answer to the Derivative Complaint within the prescribed time limit was completely inadvertent, and was not done for the purpose of delaying this action or prejudicing

the derivative plaintiffs. I attribute Defendants' failure to timely answer to defense counsels' preoccupation with completion of discovery and preparation for an upcoming mediation scheduled for October 11-12, 2006.

6. On August 10, 2006, I contacted Robert Harwood of Wechsler Harwood LLP, lead counsel to the derivative plaintiffs, and explained the circumstances of Defendants' failure to timely answer. Mr. Harwood kindly informed me that derivative plaintiffs do not oppose an enlargement of time until August 16, 2006 for Defendants to serve their answer to the Derivative Complaint.

Executed on August 11, 2006.

_____
Robert F. Serio