UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
In re VEECO INSTRUMENTS INC.          :    Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                 :
---------------------------------------------------- x
---------------------------------------------------- x
THIS DOCUMENT RELATES TO              :
ALL ACTIONS                           :
---------------------------------------------------- x

**DECLARATION OF RICHARD S. HOFFMANN, ESQUIRE, GENERAL COUNSEL
OF LEAD PLAINTIFF STEELWORKERS PENSION TRUST
IN SUPPORT OF AN AWARD TO STEELWORKERS FOR REIMBURSEMENT OF
REASONABLE COSTS AND EXPENSES INCURRED IN REPRESENTATION OF THE
CLASS AND IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND
OF LEAD COUNSEL'S APPLICATION FOR ATTORNEYS' FEES**

I, Richard S. Hoffmann, Esquire, General Counsel of Lead Plaintiff, Steelworkers Pension Trust ("Steelworkers"), declare as follows:

1.  I am an attorney admitted to practice in Pennsylvania and I have served as General Counsel for Steelworkers Pension Trust since 1958. I have directly represented Steelworkers in the prosecution of this case on behalf of the Class and I have had regular contact with Steelworkers' counsel, Berger & Montague, P.C., throughout the course of this litigation.

2.  I have personal knowledge of the matters set forth in this Declaration as a result of having been directly involved since April 2005 in the prosecution and settlement of this action, and could and would testify competently about such matters.

3.  I was appointed Lead Plaintiff in the above-caption action (the "Action") by the Court's Order dated October 12, 2005 and I was appointed Class Representative in this action by the Court's Order dated March 21, 2006.

4. I submit this Declaration in support of final approval of (i) Steelworkers' application for an award of reimbursement of reasonable costs and expenses which Steelworkers incurred directly relating to its representation of the Class of purchasers of the securities of Veeco Instruments Inc. ("Veeco") between April 26, 2004 and February 10, 2005 (the "Class"); (ii) the settlement of this action; and (iii) an award of attorneys' fees to Lead Counsel.

5. As an institutional investor and public pension fund, Steelworkers takes very seriously its responsibility to oversee the prosecution of securities class actions, when appropriate.

6. Steelworkers, as Lead Plaintiff and Class Representative, has monitored the prosecution of this action and the activities of its counsel, Berger & Montague, P.C., the Court-appointed Lead Counsel in this action. I received detailed and regular status reports from Berger & Montague. I briefed Steelworkers' Board regarding the status of this action. Major decisions, such as approving the settlement and determining the attorneys' 30% fee percentage, were directly approved by myself on behalf of the Steelworkers' Board.

7. Steelworkers suffered losses as a result of the matters alleged in this action and viewed it as its duty to see that the recovery was maximized for the Class to the greatest extent possible, in light of the circumstances of the case.

8. Steelworkers strongly endorses the proposed settlement of $5.5 million in cash, which it believes provides an excellent recovery for the Class.

9. As Lead Plaintiff, Steelworkers takes very seriously its role to ensure that the attorneys' fees are fair in light of the result achieved for the Class and reasonably compensate plaintiffs' counsel for the work involved and substantial risks they undertook in litigating this action.

10. Steelworkers endorses Lead Counsel's fee application for attorneys' fees of 30% of the Settlement Fund. Steelworkers believes that such an award represents a fair and reasonable payment to plaintiffs' counsel for their efforts, for the excellent result achieved, and the substantial risks undertaken in this case which settled only a week before scheduled trial. Steelworkers further believes that the litigation expenses being requested for reimbursement were necessary for the prosecution and successful resolution of this action.

11. Steelworkers Pension Trust spent considerable time and incurred reasonable costs and expenses directly relating to its representation of the Class, including but not limited to (i) meeting with Phyllis M. Parker and Arthur Stock of Berger & Montague, P.C. to discuss and prepare for my deposition for appointment as class representative in connection with Plaintiffs' Class Certification motion, travel to/and attendance at the deposition, and review of the deposition transcript to prepare errata sheets; (ii) collection and review of documents in connection with the motion for lead plaintiff, and in responses to discovery demands for documents and responses to interrogatories directed to Steelworkers; (iii) review of the significant pleadings and briefs and mediation statements; and (iv) regular communications with Berger & Montague. Among the Steelworkers staff members who spent considerable time on this action was Betty Robison, my Administrative Assistant. Her actions included, among other things, compiling relevant documents to respond to discovery requests, communicating regularly with Berger & Montague, and assisting me with the actions described herein relating to representing the Class.

The reasonable cost amounts are set forth below:

**Time Spent by Steelworkers Pension Trust
Directly Related to the Representation of the Class**

|  | Number of Hours | Hourly Rate | Reasonable Costs |
|---|---|---|---|
| Richard S. Hoffmann, Esq. Steelworkers Pension Trust | 61 | $250.00 | $15,250.00 |
| Betty Robison Administrative Assistant to Richard S. Hoffmann | 20 | $ 35.71 | $ 714.20 |
| **Total:** | **81** |  | **$15,964.20** |

**Expenses Incurred by Steelworkers Directly Related to the Representation of the Class**

|  | Expenses |
|---|---|
| Richard S. Hoffmann, Esq. (Travel) | $ 25.00 |
| Copying costs | $ 100.00 |
| **Total:** | **$ 125.00** |

**TOTAL REASONABLE COSTS AND EXPENSES:**     <u>**$16,089.20**</u>

12.    During the past two years, I estimate that Steelworkers personnel have spent at least 81 hours in providing services to the Veeco Class. The estimate of my hours is based on an analysis provided to me by Berger & Montague. I believe this estimate to be reasonable based on my recollection of the time spent by Steelworkers set forth above. Steelworkers' communications and meetings with Berger & Montague in this case are reflected in the contemporaneous time records and correspondence maintained by Berger & Montague. Likewise, my trip to Berger & Montague's offices in Philadelphia and my attendance at my deposition there on December 8, 2005 are matters of record. The time spent by Steelworkers personnel on this Action has substantial value. While Steelworkers' personnel do not normally charge an hourly rate for their time, I have imputed an

4

hourly rate for my time and that of my Administrative Assistant based on our respective salaries from the Steelworkers. I request that Steelworkers be compensated for 81 hours documented above that Steelworkers personnel devoted to this case, at hourly rates indicated above, for a total of $15,964.20. In addition, I request that Steelworkers be compensated for the out-of-pocket travel and copy costs for a total of $125.00 incurred in connection with our activities in representation of the Class, as detailed in ¶11 above.

13. In addition, Steelworkers strongly supports the settlement obtained for the Class, which it believes provides an excellent recovery for the Class, and endorses and approves Lead Counsel's attorneys' fee application, and believes it represents fair and reasonable compensation for Plaintiff's Lead Counsel in prosecuting the case in light of the excellent recovery for the Class and the litigation risks assumed.

14. Accordingly, Steelworkers Pension Trust respectfully requests that the Court approve the reimbursement to Steelworkers Pension Trust of reasonable costs and expenses in the amount of $16,089.20, and approve the settlement and the attorneys' fee application.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and/or belief.

Executed this 15th day of Oct., 2007.

*Richard S. Hoffmann*
Richard S. Hoffmann, Esquire
General Counsel, Steelworkers Pension Trust

nmlib431458-014.wpd

6